724

The People of the State of New York ex rel. Frank S. Luce and Lina Luce, His Wife, Respondents, *v.* Richard J. Lewis, as Commissioner of Assessments, and Others, Appellants.

Third Department, November 1, 1939.

*Joseph J. Casey, Corporation Counsel [Thomas W. Cantwell* of counsel], for the appellants.

*Woollard & Morris* [*Ernest B. Morris* of counsel], for the respondents.

Schenck, J. This is an appeal from a final order of the Rensselaer Special Term, reducing the 1938 assessment on relators' real property from $8,600 to $7,500 for overvaluation.

The proceeding was brought on by relators' petition claiming both overvaluation and inequality, and the court appointed a referee to take proof and report. It was stipulated by the parties at the commencement of the hearing before the referee that real property generally, on the 1938 assessment roll in the city of Albany, is assessed at the average ratio of eighty-six per cent of the full value thereof and, therefore, the only proof required was that relating to overvaluation. The parties each called but one expert to testify as to fair market value. The property in question is a one-family, two-story and attic frame house, located on a lot 40 feet wide and 140 feet in length, on the west side of Brookline

avenue, between Western avenue and Plymouth street, which is a desirable residential location. In the rear of the house is a two-car garage and a driveway thereto runs along the southerly side of the lot. There are four bedrooms on the second floor, and the house is heated with gas. The premises are rented but, upon application for revision of assessments, relators refused or failed to divulge the amount of the rental or the terms of the lease.

The expert called by the relators testified that in his opinion the property had a market value of $7,300 and a rental value of $75 a month. The appellants' expert testified that the property had a market value of $10,700 and a rental value of $95 a month for the house and both stalls of the garage. It is conceded that the house itself is under actual rental for at least $85 a month, with an agreement that the tenant might, if he so desired, have the use of the extra stall in the garage upon the payment of an additional $5 a month. The referee in his report found that the fair market value of the property was $7,500 and the assessable value, $6,450. Accepting the monthly rental at $90, the owner would receive in excess of a six per cent return on an $8,600 valuation after an allowance for taxes, insurance and expenses.

It is quite apparent that the referee gave little or no consideration to the actual earning capacity of this property. Earning capacity is an element which should be considered, especially where, as in this case, the premises are actually under rent. In fact, the only concrete evidence presented before the referee as to value was the income-producing ability of this property. In this case the referee accepted the opinion of relators' expert as to valuation and as to rental value, whereas, he had before him evidence of the actual rental then being paid. His finding of market value was within two hundred dollars of that amount, and it is pertinent to note that a schedule contained in the record indicates that this referee in eight other proceedings in which relators were represented by the same attorneys made findings in three thereof at the identical amount testified to by relators' witness, while in the remaining six, his finding in each instance was within a few hundred dollars thereof. The value placed on this property by the experts called by the relators and by the appellants differed materially. Despite the fact that there was evidence before him as to the actual income-producing capacity of this property, it would appear that the basis for the referee's finding of market value was limited to the evidence of one expert witness, who testified to a monthly rental value of at least fifteen dollars less than the actual rent reserved in the lease.

The Special Term accepted the findings of the referee and confirmed the report. Clearly, such findings were against the weight

of evidence and the order and judgment should be reversed on the law and facts, without costs to either party against the other, and this court should make new findings, fixing the fair and reasonable value of the premises at $7,396, that being the assessed value of $8,600, less a deduction of fourteen per cent, it being conceded that property generally in the tax district comprising the city of Albany is assessed at eighty-six per cent of its market value. Such finding would be in accord with the weight of evidence.

CRAPSER, HEFFERNAN and FOSTER, JJ., concur; HILL, P. J., dissents, and votes to affirm the decision of the Special Term, with costs.

Order and judgment reversed on the law and facts, without costs to either party against the other.

The court reverses all findings of fact and disapproves all conclusions of law given by the court below and finds and concludes as follows:

FINDINGS OF FACT.

1. The assessed premises herein are and were at all times mentioned in petition herein owned by relators.

2. Said assessed premises are designated on the 1938 assessment roll as follows:

Property 54 (St. No. 48) Brookline avenue; character of building, dwelling; description, 2 wood and 2 car metal garage; dimensions of lot, front, 40, deep, 140; full value as assessed, $8,600.

3. Relators heretofore caused to be duly and timely served upon the commissioner of assessments a written protest against said assessment and demanded the said assessment be reduced to the claimed reasonable market value of $5,500; that thereafter said relators appeared before the board of review by their attorney.

4. That the full, fair and reasonable value of the assessed premises herein, including all improvements thereon, as it would be appraised in payment of a just debt due from a solvent debtor on July 1, 1938, was $8,600.

5. That the assessment of said parcel involved in this proceeding in the year 1938 is erroneous by reason of inequality in that the assessment has been made at a higher proportionate valuation than the assessments of other property on the same assessment roll, it being conceded that real property generally on the assessment roll of 1938 in the tax district comprising the city of Albany is assessed at the average ratio of eighty-six per cent of the full value thereof, and that the extent of inequality in the assessment of the parcel involved in this proceeding amounts to fourteen per cent of its full value. Therefore, the assessed valuation of relators' premises should be reduced in all to $7,396.

### CONCLUSIONS OF LAW.

*First.* The relators are entitled to judgment that the aforesaid assessment for the year 1938 is erroneous by reason of inequality, which inequality amounts to fourteen per cent of the full value of said property. The amount, therefore, to be allowed for such inequality is $1,204.

*Second.* That the assessment roll of the city of Albany for the year 1938 should be corrected and the judgment to be entered herein should direct that the assessment for the year 1938 of the premises involved in this proceeding be corrected by reducing said assessment to $7,396, without costs.